

IT IS ORDERED

Date Entered on Docket: October 4, 2018

*Robert H. Jacobvitz* (signature)

The Honorable Robert H Jacobvitz
United States Bankruptcy Judge

---

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

Angela Morales,
aka Angela G. Thomas Morales

Case No. 18-12231-j7

Debtor(s).

### DEFAULT ORDER GRANTING BANK OF AMERICA, N.A. RELIEF FROM AUTOMATIC STAY AND ABANDONMENT (REAL PROPERTY)

This matter came before the Court on the Motion for Relief from Automatic Stay and Abandonment (Real Property) regarding property located at 3429 Martin Meadows Drive NE, Rio Rancho, New Mexico 87124 filed on September 7, 2018, Docket No. 11 (the "Motion") by Bank of America, N.A. ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a) On September 7, 2018, Movant served the Motion and a notice of the Motion (the "Notice") on counsel of record for the Debtor(s) and the case trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as

authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor(s) by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

  (b)  The Motion relates to the following property:

> Lot numbered Seventeen (17), in Block numbered One (1), Northern Meadows Unit 5, as same is shown and designated on the Plat entitled, "TRACT A-4A-1 AND UNIT 5, NORTHERN MEADOWS, (BEING A REPLAT OF TRACT A-4A, NORTHERN MEADOWS) WITHIN SECTIONS 33 AND 34, TOWNSHIP 13 NORTH, RANGE 2 EAST, NEW MEXICO PRINCIPAL MERIDIAN, CITY OF RIO RANCHO, SANDOVAL COUNTY, NEW MEXICO", as filed in the office of the County Clerk of Sandoval County, New Mexico on May 16, 1997 in Rio Rancho Estates Plat Book No. 10, Pages 29 thru 32 (Vol. 3, Folio 1611-B), Instrument No. 10178

(the "Property").

  (c)  The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

  (d)  The Notice was sufficient in form and content;

  (e)  The objection deadline expired on October 1, 2018;

  (f)  As of October 2, 2018, neither the Debtor(s) nor the Trustee, nor any other party in interest, filed an objection to the Motion;

  (g)  The Motion is well taken and should be granted as provided herein; and

  (h)  By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies, under penalty of perjury that, on October 2, 2018 Krista Jones, Bankruptcy Legal Assistant searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor(s) is/are currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

   (a) To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor(s) is/are a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor(s) or the Property, or both, in any court of competent jurisdiction; and

   (b) To exercise any other right or remedy available to them under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Movant need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor(s), although the Debtor(s) can be named as a defendant in litigation to obtain an in rem judgment or to repossess the Property in accordance with applicable non-bankruptcy law.

4. This Order does not waive Movant's claim against the estate for any deficiency owed by the Debtor(s) after any foreclosure sale or other disposition of the Property. Movant may file an amended proof of claim this bankruptcy case within 30 days after a foreclosure sale of the Property, should it claim that Debtor(s) owe any amount after the sale of the Property.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

7. Movant is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtor(s) and to enter into a loan modification with the Debtor(s).

XXX END OF ORDER XXX

Submitted by:

LITTLE, BRADLEY & NESBITT, P.A.

By: /S/Electronically submitted/ October 2, 2018
Karen H. Bradley
Attorney for Movant
P.O. Box 3509
Albuquerque, New Mexico 87190
Ph: (505) 248-2400   Fax: (505) 254-4722

Copies to:

Sean Patrick Thomas
Attorney for Debtor
601 Marble Avenue NW
Albuquerque, NM 87102

Yvette J. Gonzales
Trustee
PO Box 1037
Placitas, NM 87043-1037

Angela Morales
Debtor
3429 Martin Meadows Drive NE
Rio Rancho, NM 87144